CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 07 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR00056 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| STEPHEN A. BLOEDOORN, | ) | |
| | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury returned a single-count Indictment charging defendant in Count One with having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess a firearm, specifically described as a Smith and Wesson .380 Caliber handgun, serial number RAC 8425, a firearm which was shipped or transported in interstate or foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 2.

On January 4, 2008, a plea hearing was conducted before the undersigned, and pursuant to the terms of the plea agreement, the defendant entered a plea of guilty to Count One of the Indictment. At this hearing the defendant was placed under oath and testified his full legal name is Stephen A. Bloedoorn, he was born on April 27, 1953, and he received two years of college education. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other

physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that he had no reservations as to his competency to enter a plea of guilty to the offense.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, assurances, or threats in an effort to induce his plea. The defendant testified that he understood that Count One is a felony, and if his plea is accepted, he will be adjudged guilty of that offense. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100.

The defendant was informed that the maximum possible penalty for Count One is a $250,000 fine and/or ten years imprisonment, and a period of supervised release. The defendant was further informed that parole has been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant was informed that his assets might be subject to forfeiture.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until

after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and because he meets the listed criteria, he should be granted an additional one-level (1) reduction under USSG § 3E1.1(b) if his offense level is 16 or greater. The defendant was informed that if he fulfills his obligations under the plea agreement and accepts responsibility for his conduct, the government will recommend that he receive a sentence of incarceration at the low end of the applicable Sentencing Guidelines range, and the government may object to any motion for downward departure that he might make. The defendant stated he understood that the location for service of any term of imprisonment is ultimately determined by the Bureau of Prisons, but to the extent it is consistent with the Bureau of Prisons' applicable rules and regulations, the government would not object to any request he might make to be confined at a community correctional facility.

The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Indictment, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;

4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant testified that he understood that under the terms of the agreement he was waiving rights to appeal or to collaterally attack his conviction or sentence. The defendant stated he was aware that the government had retained its right to appeal any sentence imposed below the applicable Sentencing Guidelines range or below the government's recommended sentence. The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant acknowledged that he consented to the administrative forfeiture, abandonment, official use and/or destruction of any contraband and personal property seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant acknowledged that he would be required to aid in the process of seizing and forfeiting assets which were purchased with proceeds from his illegal activity, directly or indirectly, and that such a forfeiture of property is proportionate to the degree and nature of the offense he committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive records from any department or agency.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had

4

been "wonderful" and "extremely" effective. The defendant asked the court to accept his plea of guilty to Count One.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged, is as follows:

Stephen BLOEDOORN is a convicted felon based on a Felony conviction for Forgery from Virginia Beach, Virginia, Circuit Court.

On October 24, 2006, a state search warrant was executed at BLOEDOORN's residence, 213 Hill Ave Elkton, VA. A Smith & Wesson, .380 caliber handgun, S/N RAC8425, was seized from the master bedroom of the residence. Evidence would show that through statements made by BLOEDOORN and other witnesses that the pistol did in fact belong to BLOEDOORN.

Evidence would show that the pistol had previously traveled in interstate commerce and was an operable firearm.

The preceding information is meant to be a summary and does not contain each fact known to the government.

All of the preceding events took place in the Western District of Virginia.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count

One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment. The undersigned DIRECTS that a presentence report be prepared. A sentencing date will be set by the scheduling clerk for the presiding District Judge.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

January 7, 2008
Date